JERRY A. RUTHRUFF   1274-0
700 Richards Street, #2709
Honolulu, Hawaii  96813
Telephone:  (808) 524-4975
Email:  jruthruff@gmail.com

Attorney for Plaintiffs
GREYS AVENUE PARTNERS, LLC and
CASTLE RESORTS & HOTELS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREYS AVENUE PARTNERS, LLC, and CASTLE RESORTS & HOTELS, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> AARON COUPE and COLIN THEYERS, <br><br> Defendants. | CIVIL NO. _____ <br><br> COMPLAINT |

# **COMPLAINT**

### Count I
### (**Fraud**)

For their Complaint against Defendants COLIN THEYERS and AARON COUPE ("Defendants"), Plaintiffs GREYS AVENUE PARTNERS, LLC and CASTLE RESORTS & HOTELS, INC. ("Plaintiffs") allege as follows:

1. Plaintiff GREYS AVENUE PARTNERS, LLC ("Plaintiff GAP") is a citizen of the State of Hawaii in that it is a Delaware limited liability company whose sole member and manager is a resident and citizen of the State of Hawaii.

2. Plaintiff CASTLE RESORT & HOTELS, INC. ("Plaintiff Castle") is a citizen of the State of Hawaii in that it is a corporation organized and existing pursuant to the laws of the State of Hawaii with its principal place of business in Honolulu, Hawaii.

3. Defendant COLIN THEYERS ("Defendant Theyers") and Defendant AARON COUPE ("Defendant Coupe") are residents and citizens of New Zealand.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C.§1332(a)(2) in that both of the Plaintiffs are citizens of the United States, all the defendants are citizens of a foreign state and the amount in controversy exceeds $75,000.

5. This Court also has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 18 U.S.C. §1964(c) in that the Defendants engaged in a pattern of racketeering activity prohibited by the 18 U.S.C. §1343 (wire fraud) and 18 U.S.C. §1961, et seq., the Racketeering and Corrupt Organizations Act ("RICO") and pursuant to 15 U.S.C. 78aa, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 of the Securities Exchange Act of 1934, CFR § 240.10b-5.

6. This Court has personal jurisdiction with respect to Defendant Coupe and Defendant Theyers in that (i) they committed wrongful acts while they were physically present in the State of Hawaii and they also sent emails to residents and

citizens of the State of Hawaii and made telephone calls to residents of the State of Hawaii for the purpose of negotiating and executing the agreement between Plaintiff and Greys Avenue Investments Limited ("GAIL") and the Hotel Management Agreement with Plaintiff Castle and later for the purpose of inducing Plaintiff GAP to continue to provide additional funds to Defendants and inducing Plaintiff Castle to continue to provide valuable services and incur expenses in connection with the planned hotel operation, and (ii) their wrongful acts caused damage to Plaintiffs.

7. Defendant Theyers was at all relevant times, the sole director of record of GAIL.

8. Defendant Theyers aided and abetted and/or conspired with GAIL and Defendant Coupe in connection with their wrongful conduct as alleged herein.

9. Defendant Coupe was at all relevant times the sole shareholder of GAIL and was an authorized agent and de facto director thereof and directly or indirectly controlled GAIL and Defendant Theyers.

10. Defendant Coupe aided and abetted and/or conspired with GAIL and Defendant Theyers in connection with their wrongful conduct as alleged herein.

11. GAIL is and was at all relevant times, the owner of the property at 48 Greys Avenue, Auckland, New Zealand (the "Property").

12. Plaintiff GAP and GAIL entered into that certain Heads of Agreement (the "HOA") and the Shareholders Agreement with respect to Ascent Industries 33

Limited ("Ascent") which is owned in equal shares by Plaintiff GAP and GAIL.

13. Plaintiff Castle and Ascent entered into that certain Hotel Management Agreement (the "HMA") with respect to the management of the hotel to be operated on the Property.

14. In order to induce Plaintiff GAP to enter into the HOA and Shareholders Agreement and acquire fifty per cent of the shares of Ascent and to advance funds in connection therewith and to induce Plaintiff Castle to enter into the HMA and perform services and incur expenses in connection therewith, Defendant Coupe represented to Plaintiffs and their representatives in meetings in Honolulu, Hawaii in August, 2017 that (i) the Property was subject to mortgage indebtedness of $14.8 million (all amounts referred to herein are in New Zealand Dollars) and (ii) upon execution of agreements with Plaintiffs, title to the Property would be transferred to a company owned by Plaintiffs and GAIL.

15. In order to induce Plaintiff GAP to enter into the HOA and Shareholders Agreement and acquire fifty per cent of the shares of Ascent and to advance funds in connection therewith and to induce Plaintiff Castle to enter into the HMA and perform services and incur expenses in connection therewith, Defendant Coupe represented to Plaintiffs and their representatives in writings sent via email and in meetings in Takapanu, New Zealand on or about November 30, 2017 and in Honolulu, Hawaii on or about February 11, 2018 that (i) the Property was subject to mortgage indebtedness of $14.8 million (all amounts referred to herein are in

New Zealand Dollars), (ii) upon execution of agreements with Plaintiffs, title to the Property would be transferred to Ascent and (iii) GAIL had resolved the litigation with New Zealand Mint Limited ("NZ Mint") concerning its right of first refusal and there were no further obligations to NZ Mint in connection therewith.

16. In order to induce Plaintiff GAP to enter into the HOA and Shareholders Agreement and to advance funds in connection therewith and to induce Plaintiff Castle to enter into the HMA and perform services and incur expenses in connection therewith, Defendant Theyers represented to Plaintiffs and their representatives in writings sent via email and in meetings in Takapanu, New Zealand on or about November 30, 2017 and in Honolulu, Hawaii on or about February 11, 2018 that (i) the Property was subject to mortgage indebtedness of $14.8 million, (ii) upon execution of agreements with Plaintiffs, title to the Property would be transferred to Ascent, (iii) GAIL had resolved the litigation with New Zealand Mint Limited ("NZ Mint") concerning its right of first refusal and there were no further obligations to NZ Mint in connection therewith, (iv) Defendant Theyers would maintain complete accounting records with appropriate backup documentation and provide Plaintiff GAP with real time access to the project's bank accounts and accounting records so that Plaintiff GAP would have detailed knowledge of the project's finances at all times and (v) the funds advanced by Plaintiff GAP would be deposited in a bank account requiring the signatures of

a representative of Plaintiff GAP and used solely to convert a portion of the Property from office use to a hotel.

17. Subsequent to the execution of the HOA, Stockholders Agreements and HMA, in meetings in Hawaii in April and May of 2018 and in telephone calls and emails, Defendants Coupe and Theyers repeatedly requested that Plaintiff GAP provide additional funds and that Plaintiff Castle provide additional services and incur expenses, while representing that the project was progressing satisfactorily and knowing full well but not disclosing to Plaintiffs that GAIL could not fulfill its obligations to Plaintiff GAP pursuant to the HOA and that the project was always in serious financial jeopardy.

.   18. Each of said representations was made by or on behalf of each of the Defendants and/or was ratified thereby and was known to be false when made.

19. Contrary to said representations, (i) the Property was actually subject to mortgage indebtedness of approximately $18.7 million, not $14.8 million, (ii) GAIL could not transfer title to the Property to Ascent without first paying or refinancing the existing mortgage and because of NZ Mint's right of first refusal, (iii) Defendant Theyers did not intend to and did not maintain complete accounting records with appropriate backup documentation and provide Plaintiff GAP with real time access to the project's bank accounts and accounting records so that Plaintiff GAP would have detailed knowledge of the project's finances at all times and (iv) Defendants did not intend that the funds advanced by Plaintiff GAP would

be deposited in a bank account requiring the signatures of a representative of Plaintiff GAP and used solely to convert a portion of the Property from office use to a hotel and said funds were in fact not deposited in a bank account requiring the signatures of a representative of Plaintiff GAP and were not used solely to convert a portion of the Property from office use to a hotel.

20.  Said representations were made intentionally or recklessly without regard for the truth thereof and were made with the intent that Plaintiff GAP and Plaintiff Castle would rely thereon.

21.  Plaintiff GAP relied on said representations in entering into the HOA and the Shareholders Agreement and in acquiring fifty percent of the shares of Ascent and expending in excess of $2.1 million at the request of and for the benefit of Defendants.

22.  Plaintiff Castle relied on said representations in entering into the HMA and incurring expenses and performing services having a reasonable value in excess of $250,000.

23.  Ascent has not been able to acquire title to the Property and has been able to complete the conversion of the Property from office use to hotel use because Defendants' said representations were false.

24.  As a result of the wrongful actions of Defendants, Plaintiff GAP has suffered and/or will suffer a complete loss of or decrease in value of the investment which it has made to date and will not earn the income and profits that it would

otherwise have earned but for the wrongful actions of Defendants, in an amount to be proved at trial.

25.  As a result of the wrongful actions of Defendants, Plaintiff Castle has not and will not be paid for the services it has rendered and the expenses it has incurred in connection with the HMA and the Property and will not earn the income and profits which it would have earned in connection therewith but for the wrongful actions of Defendants, in an amount to be proven at trial.

## Count II
### (Negligent Misrepresentations)

26.  Plaintiffs reallege and incorporate by reference each of the allegations of Count I herein.

27.  Defendants' said representations were made negligently and were made with the intent that Plaintiff GAP and Plaintiff Castle would rely thereon.

28.  Plaintiff GAP relied on said representations in entering into the HOA and the Shareholders Agreement and acquiring fifty percent of the shares of Ascent and expending in excess of $2.1 million in connection with the Property, the HOA Shareholders Agreement and/or Ascent.

29.  Plaintiff Castle relied on said representation in entering into the HMA and incurring expenses and performing services having a reasonable value in excess of $250,000.

30. As a result of the wrongful actions of Defendants, Plaintiff GAP has suffered and/or will suffer a complete loss of or decrease in value of the investment which it has made to date and will not earn the profits that would otherwise have been earned but for the wrongful actions of Defendants, in an amount to be proved at trial.

31. Plaintiff Castle has not and will not be paid for the services it has rendered and the expenses it has incurred in connection with the HMA and the Property and will not earn the income and profits which it would have earned in connection therewith but for the wrongful actions of Defendants, in an amount to be proven at trial.

### Count III
### (Fraud)

32. Plaintiffs reallege and incorporate by reference each of the allegations of Counts I and II herein.

33. Defendants caused GAIL to agree in the HOA that the title to the Property would be transferred forthwith to Ascent upon execution of the HOA and/or Shareholders Agreement subject to mortgage indebtedness of $14.8 million and total indebtedness not in excess of $16.2 million.

34. When Defendants caused GAIL to enter into the HOA and the Shareholders Agreement, acquire fifty percent of the shares in Ascent and advance in excess of $2.1 million in connection therewith, Defendants perpetrated a fraud

upon Plaintiff GAP in that Defendants did not intend for GAIL to perform its obligations pursuant said contracts and knew that GAIL would be unable to perform its obligation thereunder.

35. GAIL has not transferred title to the Property subject to a mortgage indebtedness of $14.8 million and cannot do so because (i) the actual amount secured by the mortgage is $18.7 million not $14.7 million, (ii) title to the Property cannot be transferred until the mortgage indebtedness is paid or refinanced and (iii) the title cannot be transferred because of NZ Mint's right of first refusal.

36. As a result of the aforesaid wrongful actions of Defendants, Plaintiff GAP has suffered and/or will suffer a complete loss of or decrease in value of the investment which it has made to date and will not earn the profits that would otherwise have been earned but for the wrongful actions of the Defendants, in an amount to be proved at trial.

### Count IV
### (Conversion)

37. Plaintiffs reallege and incorporate by reference each of the allegations of Counts I through Count III herein.

38. Defendants wrongfully converted a significant portion of the funds from Plaintiff GAP by disbursing funds to Defendants Coupe and Theyers for their personal use and/or to creditors of GAIL or Defendant Coupe for debts unrelated to the conversion of a portion of the Property to a hotel and/or to other individuals

and entities without Plaintiff GAP's knowledge or consent and without proper documentation.

39. As a result of Defendants' aforesaid wrongful conduct, Plaintiff GAP has suffered and/or will suffer a loss of the funds wrongfully disbursed to or for the benefit Defendants and a complete loss of or decrease in value of the investment which it has made to date and will not earn the profits that would otherwise have been earned but for the wrongful actions of Defendants, in an amount to be proved at trial.

## Count V
### (Punitive Damages)

40. Plaintiffs reallege and incorporate by reference each of the allegations of Counts I through Count V herein.

41. The aforesaid representations of Defendants were made with actual knowledge of the falsity thereof.

42. Defendants knew that the aforesaid disbursement of funds to themselves and/or their creditors was unauthorized and fraudulent.

43. In that Defendants aforesaid conduct and actions were intentional and done with actual knowledge of the wrongful nature thereof, Plaintiff GAP is entitled to an award of punitive damages in an amount not less than three times the $2.1 million it has expended to or for the benefit of Defendants or such greater amount as shall be proven at trial.

## Count VI
### (Unjust Enrichment/Constructive Trust)

44. Plaintiffs reallege and incorporate by reference each of the allegations of Counts I through Count IV herein.

45. Defendant Coupe used at least a portion of Plaintiff GAP's funds which he wrongfully received in order to purchase assets in his own name.

46. Plaintiff GAP is entitled to trace the funds wrongfully converted by Defendant Coupe and to receive damages equal to the benefit derived by Defendant Coupe from said assets and/or to have a constructive trust imposed on said assets for the benefit of Plaintiff GAP.

## Count VII
### (RICO)

47. Plaintiffs reallege and incorporate by reference each of the allegations of Counts I through Count VI herein.

48. As of August, 2017, GAIL was the owner of the Property but did not have sufficient income or capital to continue to meet its financial obligations and was unable to attract investment capital.

49. In or before August, 2017, Defendants Theyers and Coupe devised a scheme to defraud Plaintiffs by offering an ownership interest in the Property by means of representations which Defendants knew were untrue and promises and agreements which Defendants knew could not be fulfilled and were not intended to be fulfilled.

50. Between August, 2017 and continuing through at least January 2019, Defendants committed wire fraud in violation of 18 U.S.C. §1343 by making the knowingly false representations set forth above through the use of communications in foreign commerce in order to obtain funds which they could divert to their own uses and with the goal of causing Plaintiffs to have invested so much time and money in connection with the Property that they would have no option but to accede to Defendants' demands in order to save their prior investment.

51. The group consisting of GAIL, Defendant Theyers and Defendant Coupe is an "enterprise" as defined by 18 U.S.C. §1961(4).

52. The series of misrepresentations made by Defendants and unlawful actions performed by Defendants in the period rom August, 2017 through at least January, 2019, is a "pattern of racketeering activity" as defined by 18 U.S.C. §1961(5).

53. Plaintiffs GAP has invested in excess of $2.1 million and Plaintiff Castle has incurred expenses and performed services having a reasonable value in excess of $250,000 and have suffered damages in said amounts as a result of the unlawful conduct of Defendants.

54. Pursuant to 18 U.S.C. §1961 et seq., a person injured in his business or property by reason of a violation of 18 U.S.C. §1962 is entitled to recover threefold the damages sustained and the cost of the suit, including a reasonable attorney's fee.

## Count VIII
### (Securities Fraud)

55. Plaintiffs reallege and incorporate by reference each of the allegations of Counts I through Count VII herein.

56. Defendants used the facilities of interstate commerce to sell Plaintiff GAP fifty percent of the shares of Ascent and caused Plaintiff GAP to advance in excess of $2.1 million in connection therewith.

57. By their aforesaid conduct, Defendants (i) employed a device, scheme, or artifice to defraud, (ii) made untrue statement of a material facts and failed to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading, (iii) engaged in acts, practices and a course of business that operates or would operate as a fraud or deceit upon Plaintiff GAP and (iv) issued, circulated, and published printed matter and documents which contained untrue statements of material facts and failed to state material facts necessary to make the statements therein made, in light of the circumstances under which they are made, not misleading, in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 of the Securities Exchange Act of 1934, CFR § 240.10b-5 and Hawaii Revised Statutes §485A-501 et seq.

54. By reason of the foregoing, Plaintiff GAP is entitled recover all amounts advanced to Ascent, together with statutory interest and attorneys' fees.

WHEREFORE, Plaintiffs demand judgement against Defendants Colin Theyers and Aaron Coupe, jointly and severally as follows:

1. Count I, Count II, Count III and Count IV:  Judgment in favor of Plaintiff Greys Avenue Partners, LLC for the amounts which it has expended to date in connection with the Property, the HOA, Shareholders Agreement and/or Ascent or such greater amount as shall be proven at trial, together with damages for lost profits in such amount as shall be proven at trial.

2. Count I and Count II:  Judgment in favor of Plaintiff Castle Resorts & Hotels, Inc. for $250,000 together with damages for lost income and profits in such amount as shall be proven at trial.

3. Count V:  Judgment for punitive damages in favor of Plaintiff Greys Avenue Partners, LLC in the amount of $5 million..

3. Count VI:  Judgment in favor of Plaintiff Greys Avenue Partners, LLC for the value of the property acquired by Defendant Coupe with funds converted by him and/or for the imposition of a constructive trust on said assets for the benefit of Plaintiff Greys Avenue Partners, LLC

4. Count VII: Judgment in favor of Plaintiff Greys Avenue Partners, LLC for (i) its out of pocket damages in excess of $2.1 million which it has expended to date in connection with the Property the HOA, the Shareholders Agreement and/or Ascent or such greater amount as shall be proven at trial, plus an additional $4.2 million in treble damages and (ii) three times the amount of the income and profits

it would have earned but for the Defendants' wrongful conduct as shall be proven at trial.

5. Count VII: Judgment in favor of Plaintiff Castle Resorts & Hotels, Inc. LLC for (i) $250,000 its out of pocket damages plus an additional $500,000 in treble damages and (ii) three times the amount of the income and profits it would have earned but for the Defendants' wrongful conduct as shall be proven at trial.

5. Count VIII: Judgment in favor of Plaintiff GAP Plaintiff for the total amount advanced to Ascent, together with statutory interest and attorneys' fees.

6. All Counts:   Judgment for Plaintiffs' costs, attorney's fees and/or commissions and such other and further relief to which Plaintiffs may be entitled.

DATED: Honolulu, Hawaii, February 13, 2019

/s/ Jerry A. Ruthruff
Jerry A. Ruthruff
Attorney for Plaintiffs Greys Avenue
Partners, LLC and Castle Resorts &
Hotels, Inc.