IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREYS AVENUE PARTNERS, LLC, and CASTLE RESORTS & HOTELS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> COLIN THEYERS, <br><br> Defendant. | CIVIL NO. 19-00079 JAO-KJM <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION
TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

On June 14, 2021, Plaintiffs Greys Avenue Partners, LLC and Castle Resorts & Hotels, Inc. (collectively, "Plaintiffs") filed a Motion for Default Judgment ("Motion"). ECF No. 85. Defendant Colin Theyers ("Theyers") did not file an opposition to the Motion. The Court elected to decide the Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the memoranda and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT the Motion as set forth below.

BACKGROUND

This action arises from agreements executed between Theyers and Plaintiffs related to the parties' plan to convert an office building in New Zealand into a

hotel.  *See generally* ECF No. 9.  Plaintiffs assert that Theyers, the director and manager of the company that owns the subject office building ("the Property"), misrepresented the amount of mortgage debt burdening the Property and the Property owner's ability to transfer the Property to Plaintiffs.  As a result of Theyers' misrepresentations, Plaintiffs allege that the parties' joint venture entity, Ascent Industries 33 Limited ("Ascent"), was unable to refinance the Property, the conversion project failed, and Plaintiffs' investments lost significant value.  ECF No. 9 ¶¶ 21-22, 37, 40.

Plaintiffs commenced this action on February 13, 2019, asserting eight causes of action against Defendants Aaron Coupe ("Coupe") and Theyers.  ECF No. 1.  On March 19, 2019, Plaintiffs dismissed all claims against Coupe.  ECF No. 5.  On September 3, 2020, the district court entered an order granting in part and denying in part Theyers' motion to dismiss Plaintiffs' Third Amended Complaint ("09/03/2020 Order").  ECF No. 59.  The following causes of action remained after the 09/03/2020 Order:  Negligent Misrepresentation, Intentional Misrepresentation, Conversion, Unjust Enrichment, and Conspiracy to Defraud.  *Id.*

On November 10, 2020, the Court granted Theyers' attorney's motion to withdraw as counsel, and Theyers began to represent himself, *pro se*.  ECF No. 68.  The Court held a Final Pretrial Conference on May 4, 2021, at which Theyers failed to appear.  ECF No. 81.  On May 6, 2021, the Court entered an Order to

Show Cause why Theyers failed to submit a Final Pretrial Statement and failed to attend the Final Pretrial Conference ("05/06/2021 OSC"). ECF No. 82. Theyers did not respond to the 05/06/2021 OSC. On May 14, 2021, the Court entered default against Theyers. ECF No. 84. Plaintiffs subsequently filed the instant Motion. ECF No. 85.

In the Motion, Plaintiffs argue that Theyers' failure to defend this case compels the entry of default judgment against Theyers. *See generally* ECF No. 85. Plaintiffs further contend that they lost $2,087,137.44 in out-of-pocket costs as a result of Theyers' tortious conduct. ECF No. 85 at 16.

## DISCUSSION

I. Legal Standard

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(a), (b). The court has discretion to grant or deny a motion for default judgment. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts may consider the following factors in deciding whether to grant a motion for default judgement (collectively, "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471-72 (citation omitted).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which plaintiff is entitled. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). In addition, "necessary facts not contained in the pleadings, and the claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

II.   Jurisdiction

Before considering the merits of Plaintiffs' request for default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Theyers. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the

power, i.e., the jurisdiction, to enter the judgment in the first place."). In its January 3, 2020 Order Denying Defendant's Motion to Dismiss, the district court found that the Court has personal jurisdiction over Theyers as a result of his contacts with the State of Hawaii. ECF No. 22 at 11.

III. *Eitel* Factors

Given its determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the *Eitel* factors.

    A.    Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Given that Theyers has ceased to appear to defend this action on the merits, Plaintiffs lack any recourse to obtain relief except default judgment. Accordingly, the first *Eitel* factor favors default judgment.

    B.    Merits of Plaintiffs' Substantive Claims

Under the second *Eitel* factor, the Court considers the merits of Plaintiffs' substantive claims. As noted above, the allegations in the complaint are taken as true for purposes of determining liability. *See TeleVideo Sys., Inc.* at 917-18; *Fair Hous. of Marin*, 285 F.3d at 906. Here, Plaintiffs' allegations in support of their "principal claims" against Theyers, intentional misrepresentation/fraud and negligent misrepresentation, taken as true, establish that Plaintiffs are entitled to default judgment against Theyers on those claims.

5

Plaintiffs have made a prima facie showing of intentional misrepresentation/fraud. A plaintiff asserting fraud must show: "(1) false representations made by the defendant; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon them; and (4) plaintiff's detrimental reliance." *Miyashiro v. Roehrig, Roehrig, Wilson & Hara*, 122 Haw. 461, 482-83, 228 P.3d 341, 362-63 (Ct. App. 2010) (citing *Haw.'s Thousand Friends v. Anderson,* 70 Haw. 276, 286, 768 P.2d 1293, 1301 (1989)). A plaintiff asserting negligent misrepresentation must show: "(1) false information [was] supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) the person for whose benefit the information [was] supplied suffered the loss; and (3) the recipient relie[d] upon the misrepresentation." *Blair v. Ing,* 95 Haw. 247, 269, 21 P.3d 452, 474 (2001) (citing Restatement (Second) of Torts § 552).

Here, Plaintiffs allege that Theyers made two primary misrepresentations: (1) that the Property was subject to a mortgage in favor of Bank of New Zealand on which approximately NZD $14.7 million was owed (ECF No. 43 at 6 ¶ 24); and (2) that the Property would be transferred to Ascent subject to indebtedness not exceeding NZD $16.2 million (*Id.* at 17 ¶ 66). Plaintiffs further allege that Theyers made these misrepresentations with knowledge that the debt on the Property was in fact NZD $18.659 million (*Id.* at 5 ¶ 21) and with knowledge that title to the Property could not be transferred to Ascent both because at least NZD $18.7

6

million was still owed on the mortgage and because the Property was subject to a right of first refusal in favor of New Zealand Mint Limited (*Id.* at 11-16 ¶¶ 45, 48, 53, 62).  Plaintiffs assert that Theyers made those representations with the intention that Plaintiff Greys Avenue Partners, LLC would rely upon them (*Id.* at 11-16 ¶¶ 46, 49, 63).  Finally, Plaintiffs claim that Plaintiffs relied upon Theyers' false representations and, as a result, lost their investment of more than USD $2 million (*Id.* at 13-14 ¶¶ 54-55).

The Court finds that Plaintiffs' allegations are sufficient to state a claim for both intentional misrepresentation/fraud and negligent misrepresentation.  Accordingly, the merits of Plaintiffs' substantive claims weigh in favor of default judgment on those claims.  Because Plaintiffs do not offer proof as to their conversion, unjust enrichment, and conspiracy to defraud claims, Plaintiffs are not entitled to default judgment on those claims.

C. Sufficiency of the Third Amended Complaint

As discussed above, the Court finds that the remaining allegations in the Third Amended Complaint are sufficiently pled.  Accordingly, the sufficiency of the Third Amended Complaint weighs in favor of default judgment as to Plaintiffs' claims for intentional misrepresentation/fraud and negligent misrepresentation.

D. Sum of Money at Stake

For the fourth *Eitel* factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F.

Supp. 2d at 1176 (citing *Eitel*, 782 F.2d at 1472).  The Court finds that the amount of money Plaintiffs request, $2,087,137.44, is reasonable given that Plaintiffs request solely out-of-pocket costs and in light of Theyers' decision not to defend this case on the merits.

The damages Plaintiffs seek are appropriate and reflect the severity of Theyers' wrongful conduct.  The Court thus finds that this factor weighs in favor of default judgment.

    E.    Possibility of Dispute Concerning Material Facts

The fifth factor, the possibility of dispute concerning material factors, weighs in favor of default judgment.  As noted above, the Court takes the well-pled allegations of the Third Amended Complaint as true, except those relating to the amount of damages.  *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.  Theyers originally appeared and defended against this case.  Theyers, however, has since abandoned this defense.  Thus, though there is a possibility of a dispute over material facts, the Court cannot resolve those disputes because, despite having a fair opportunity to defend against Plaintiffs' claims, Theyers has not done so.  This factor therefore weighs in favor of default judgment.

    F.    Whether Default was Due to Excusable Neglect

Regarding the sixth factor, the Court finds that Theyers' default was not the result of excusable neglect.  Theyers ceased appearing to defend this action and the Clerk of Court entered default against him.  *See* ECF No. 84.  Theyers failed to file

anything opposing Plaintiffs' Motion for Default Judgment. Nothing in the record indicates that Theyers' decision not to defend this action on the merits was the result of excusable neglect. Consequently, this factor weighs in favor of default judgment.

      G.     Policy Favoring Decisions on the Merits

As a result of Theyers' default, a decision on the merits is impractical, if not impossible. Under Federal Rule of Civil Procedure 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive."). Though Theyers appeared to defend against this action by filing Motions to Dismiss and other pretrial filings, Theyers ceased appearing to defend before the Court could reach the merits of the case. Theyers thus rendered adjudication on the merits before this Court impracticable. Although the policy favoring decisions on the merits generally weighs against default judgment, this factor alone does not preclude the Court from entering default judgment. Therefore, this factor does not preclude the Court from entering default judgment against Theyers.

      H.     Totality of *Eitel* Factors

9

The Court finds that the totality of the *Eitel* factors weighs in favor of entering default judgment in favor of Plaintiffs and against Theyers.  Accordingly, the Court considers Plaintiffs' request for damages.

IV.   Remedies

Although Theyers' default establishes his liability to Plaintiffs, it does not establish the amount of damages or other relief to which Plaintiffs are entitled.  *See TeleVideo Sys., Inc.*, 826 F.2d at 917-18.  Plaintiffs must provide evidence to support Plaintiffs' requested relief and the relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54 (c).

Here, Plaintiffs seek $2,087,137.44 in damages.  ECF No. 85-1 at 16.  Plaintiffs assert that the foregoing number reflects the out-of-pocket costs Plaintiffs incurred as a direct result of Theyers' tortious conduct.  *Id.*  Plaintiffs assert that before Plaintiffs discovered Theyers' misrepresentations, Plaintiff Greys Avenue Partners, LLC wired USD $1,380,450.00 to Ascent's bank account over the course of six transfers. *Id.*  Plaintiffs attached copies of the wire transfer receipts documenting these transfers to their Motion.  *See* ECF No. 85-3.

In addition, Plaintiffs assert that after Plaintiffs discovered Theyers' misrepresentations, Plaintiff Greys Avenue Partners, LLC wired USD $706,687.44 to NZ Castle Resorts and Hotels Limited over the course of seven transfers.  ECF No. 85-1 at 17.  Plaintiffs state that Greys Avenue Partners, LLC wired this money "to pay for expenses incurred and services rendered in connection with the hotel

conversion project and the Heads of Agreement dated February 11, 2018 between Plaintiff [Greys Avenue Partners, LLC and Greys Avenue Investments Limited]." *Id.* Plaintiffs attached copies of the wire transfer receipts documenting these transfers to their Motion. *See* ECF No. 85-4.

The Court thus finds that Plaintiffs established that they are entitled to out-of-pocket costs in the amount of $2,087,137.44.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiffs' Motion for Default Judgment and award Plaintiffs damages in the amount of $2,087,137.44. *See* ECF No. 85.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 22, 2021.



Kenneth J. Mansfield
United States Magistrate Judge

*Greys Avenue Partners, LLC, et al. v. Colin Theyers, et al.*, Civil No. 19-00079 JAO-KJM, FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT