IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREYS AVENUE PARTNERS, LLC, and CASTLE RESORTS & HOTELS, INC., | CIVIL NO. 19-00079 JAO-KJM |
| Plaintiffs, | ORDER GRANTING MOTION TO CORRECT CLERICAL ERROR |
| vs. | |
| COLIN THEYERS, | |
| Defendant. | |

**ORDER GRANTING MOTION TO CORRECT CLERICAL ERROR**

On July 22, 2021, the Magistrate Judge issued a Findings and Recommendation to Grant Plaintiffs' Motion for Default Judgment ("F&R"). ECF No. 86. On August 11, 2021, the Court issued an Order Adopting Magistrate Judge's Findings and Recommendation ("Order"). ECF No. 87. Default Judgment entered the same day, awarding Plaintiffs damages in the amount of $2,087,137.44. ECF No. 88.

On October 5, 2021, Plaintiff Greys Avenue Partners, LLC ("Greys") filed a Motion to Correct Clerical Error, requesting that the Court correct the record to reflect that because Greys alone sought default judgment, judgment should be

entered exclusively in favor of Greys, not together with Plaintiff Castle Resorts & Hotels, Inc. ("Castle").  ECF No. 93.

Federal Rule of Civil Procedure ("FRCP") 60(a) authorizes courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record . . . [and] may do so on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a). To determine whether a mistake may be corrected under FRCP 60(a), the Ninth Circuit "focuses on what the court *originally intended* to do."  *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (internal quotation mark and citation omitted).  Clerical mistakes include "blunders in execution," while mistakes falling outside of FRCP 60(a) "consist of instances where the court *changes its mind.*"  *Id.* (internal quotation marks and citation omitted).  "Thus, Rule 60(a)'s touchstone is fidelity to the intent behind the original judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012).  Applying these principles, FRCP "60(a) allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'"  *Id.* at 1079  It also "allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement."  *Id.*

2

Here, FRCP 60(a) relief is appropriate because it is consistent with the intent of the original judgment and the Court has not changed its mind.  Although the F&R, Order, and Default Judgment awarded relief to "Plaintiffs," only Greys (without Castle) moved for default judgment.  The Court hereby corrects this oversight by granting the Motion and entering default judgment exclusively in Greys' favor.  The judgment shall be amended to reflect that Greys is awarded damages in the amount of $2,087,137.44 pursuant to the F&R and Order.

IT IS SO ORDERED.

DATED:     Honolulu, Hawai'i, October 5, 2021.



Jill A. Otake
United States District Judge

Civil No. 19-00079 JAO-KJM, *Greys Avenue Partners, LLC v. Theyers*; ORDER GRANTING MOTION TO CORRECT CLERICAL ERROR